```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TIMOTHY J. KEARNEY,

                    Plaintiff,                     MEMORANDUM
                                                   AND ORDER
                                                   08-CV-572 (JG)
          -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
---------------------------------------------------------------x
```

A P P E A R A N C ES:

    DOUGLAS C.J. BRIGANDI
        214-11 Northern Boulevard, Suite 201
        Bayside, NY 11361
        Attorney for Plaintiff

    BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201
    By:   Timothy D. Lynch
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Timothy Kearney sues Commissioner of Social Security Michael Astrue under 42 U.S.C. § 405(g), seeking review of Astrue's decision that he is not entitled to a period of disability and disability insurance benefits under the Social Security Act. The parties cross-move for judgment on the pleadings, the Commissioner seeking a remand for a new hearing and Kearney seeking a remand for the calculation of benefits only. For the reasons that follow, Kearney's motion is granted and the Commissioner's is denied. The case is remanded for the calculation of benefits only.

BACKGROUND

The facts underlying this action are largely set forth in my memorandum and order in *Kearney v. Barnhart*, No. 05-CV-1860 (JG), 2006 WL 1025307 (E.D.N.Y. Apr. 17, 2006), familiarity with which is assumed. In brief, Kearney's nine-year quest for disability insurance benefits began on June 22, 1999, when he applied for benefits due to a back and neck injury sustained on November 16, 1998, when he grabbed a falling metal column while working as a carpenter. *Id.* at *1. His treating neurologist Dr. Esther Baldinger opined that he was under a total disability, *id.* at *2, but several consultative examiners found his disability to be less severe, *id.* at *2-*4.

Kearney's application was denied, and he requested review by an administrative law judge ("ALJ"). On January 25, 2002, ALJ Marilyn P. Hoppenfeld found that although Kearney could no longer perform his past work as a carpenter, he retained sufficient residual functional capacity ("RFC") to perform other work existing in the national economy and accordingly was not disabled. R. at 10-20; *Kearney*, 2006 WL 1025307, at *6. On February 10, 2005, the Appeals Council denied Kearney's request for review, rendering ALJ Hoppenfeld's decision the final decision of the Commissioner. R. at 2-4.

Kearney sought review of the Commissioner's decision in this court pursuant to § 405(g), and on April 17, 2006, I found that ALJ Hoppenfeld had failed to follow the treating physician rule, under which she was required either to accord controlling weight to Dr. Baldinger's findings or to give "good reasons," 20 C.F.R. § 404.1527(d)(2), based on a consideration of several relevant factors, *id.*, for the degree of weight she accorded it. *Kearney*, 2006 WL 1025307, at *6-*7. Finding that the record did not provide "'persuasive proof of

2

disability,'" *Kearney*, 2006 WL 1025307, at *7 n.15 (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)), I remanded for "reconsideration of Kearney's claim in accordance with the treating physician rule," *Kearney*, 2006 WL 1025307, at *7.

The Appeals Council vacated ALJ Hoppenfeld's decision and remanded the claim to her for further proceedings consistent with my memorandum and order. R. at 278. Kearney supplemented the record with notes from his new treating physicians, Dr. William J. Lackey and Dr. Ludwig Licciardi. R. at 315-21. Dr. Lackey opined that Kearney's disability was total. *Id.* at 316, 318. ALJ Hoppenfeld held a supplemental hearing on February 7, 2007, at which she elicited testimony from government-designated medical expert Dr. Richard Goodman. *Id.* at 326-67.

In a decision dated September 12, 2007, ALJ Hoppenfeld again rejected Kearney's claimed disability. *Id.* at 223-32. Inexplicably, she refused to apply the treating physician rule to the opinions of Dr. Baldinger, Dr. Lackey, or Dr. Licciardi. See R. 228-30 (describing opinions of Dr. Baldinger and Dr. Licciardi, failing to accord these opinions controlling weight or to consider the required factors in determining what weight to give these opinions, and failing to mention Dr. Lackey's opinion); Def.'s Mem. Supp. Mot. Remand 13-14 (conceding that ALJ Hoppenfeld failed to apply the treating physician rule to Dr. Baldinger's opinion). Given that ALJ Hoppenfeld was aware that the purpose of the remand was "reconsideration of Kearney's claim in accordance with the treating physician rule," *Kearney*, 2006 WL 1025307, at *7; *see* R. at 278 (Appeals Council remanding for proceedings consistent with my order); *id.* at 329 (ALJ Hoppenfeld acknowledging, on the record at the supplemental hearing, that the purpose of the remand was to consider the opinion of Kearney's treating

3

doctors), that it was unmistakably clear, based on copious pages of treatment notes, that at least Dr. Baldinger was a treating physician, *id.* at 287-314, and that ALJ Hoppenfeld has apparently held her current position since at least 1985, *see Pascual v. Sullivan*, 715 F. Supp. 1268, 1269 (S.D.N.Y. 1989) (describing 1985 Social Security benefit hearing before ALJ Hoppenfeld), I do not see how ALJ Hoppenfeld could have failed to understand my order, and am at a loss as to why she failed to comply with it.

## DISCUSSION

A. *The Legal Standard*

Under 42 U.S.C. § 405(g), I review the Commissioner's decision to determine whether it was "'supported by substantial evidence in the record as a whole or [was] based upon an erroneous legal standard.'" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997)). In deciding whether the Commissioner's conclusions are supported by substantial evidence, a reviewing court must "first satisfy [itself] that the claimant has had 'a full hearing under the Secretary's regulations and in accordance with the beneficent purpose of the Act.'" *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir 1982) (quoting *Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972)).

Under the Social Security Act, Kearney is entitled to disability insurance benefits if, "by reason of [a] medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A), he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy," § 423(d)(2)(A). The Commissioner decides whether the claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1527(e)(1).

The Social Security Administration's regulations break down the inquiry into a five-step process:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform.

*DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir. 1998) (internal quotation marks, brackets, and ellipsis omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(v) (setting forth this process).

While the final determination as to disability rests with the Commissioner, 20 C.F.R. § 404.1527(a)(2), a treating physician's opinion about a claimant's impairment is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (upholding these regulations). When the Commissioner does not give a treating

5

physician's opinion controlling weight, the weight given to that opinion must be determined by "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." *Schaal*, 134 F.3d at 503 (citing 20 C.F.R. § 404.1527(d)(2)). The Commissioner must set forth "good reasons" for failing to accord the opinions of a treating physician controlling weight. *See, e.g.*, *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians [sic] opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

B. *The ALJ's Decision*

Applying the five-step sequential evaluation prescribed by 20 C.F.R. § 404.1520(a)(4)(i)-(v), the ALJ found, at step one, that Kearney was not engaging in substantial gainful activity, R. at 227; at step two, that his back and neck injury was a "severe" impairment for the purposes of § 404.1520(a)(4)(ii), (c), R. at 227; at step three, that his injury did not equal the severity of any conditions listed in the Listings of Impairments contained in Appendix 1 to Subpart P of Part 404 of the Social Security Administration's regulations, R. at 227; at step four, that he retained the RFC to perform light work, which rendered him unable to perform his past relevant work as a carpenter, *id.* at 227-31; and at step five, that his RFC, considered in connection with his age, education and work experience, compelled the conclusion that he was not disabled, *id.* at 231-32.

In finding that Kearney retained the functional capacity to perform light work, ALJ Hoppenfeld did not apply the treating physician rule to the findings of Dr. Baldinger, Dr. Lacey, and Dr. Licciardi. Accordingly, the parties agree that remand is appropriate. The only question for me is whether the remand should be for a new hearing or simply for calculation of benefits. Ordinarily in a case where, as here, there is conflicting medical evidence, remand simply for the calculation of benefits is unwarranted. *See Parker*, 626 F.2d at 235 ("When there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Secretary for further development of the evidence. On the other hand, we have reversed and ordered that benefits be paid when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." (internal citations omitted)); *see also Kearney*, 2006 WL 1025307, at *7 n.15 (finding that the record in this case did not provide "'persuasive proof of disability'" under *Parker*).

Although Kearney's application has been pending for nine years, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).[1] However, once a claimant has been found unable to perform past relevant work by reason of a medically determinable impairment at step four of the five-step evaluation, "the burden shifts to the Commissioner to prove that the claimant is capable of working." *Butts v. Barnhart* (*Butts II*), 416 F.3d 101, 103 (2d Cir. 2005) (internal quotation marks, brackets, and ellipses omitted), *amending, on reh'g, Butts v. Barnhart* (*Butts I*), 388 F.3d 377 (2d Cir. 2004). Thus, the court retains the option, in cases of unreasonable delay, of refusing the Commissioner an additional

---

[1] The parties do not mention this case or any of the cases discussed *infra*. Indeed, Kearney does not cite any cases at all.

opportunity to prove that the claimant is not disabled, and thereby of rendering the step four finding of disability unrebutted. *See Butts II*, 416 F.3d at 104 ("The Commissioner has asked us to exercise our discretion in her favor as to determining when the evidentiary record is to be deemed closed in this prolonged proceeding and to give her a second chance to offer testimony that she agrees should have been offered earlier and is required to foreclose a disability finding. . . . If the record is closed without such testimony, [the claimant] will then be entitled to benefits.").

It is true that the Second Circuit, in describing this possibility in *Butts II*, appeared to limit it to the case of a claimant challenging the Commissioner's failure to present vocational expert testimony. 416 F.3d at 104 ("[O]ur holding is limited to cases where the claimant is entitled to benefits absent the Commissioner's providing expert vocational testimony about the availability of appropriate jobs."). However, as I have stated previously, I find the Second Circuit's reasoning equally applicable to this factual scenario. *Marble v. Barnhart*, No. 04-CV-4899 (JG), 2006 WL 407551, at *3 n.3 (E.D.N.Y. Feb. 17, 2006). I previously found the reasoning applicable on the theory that "[t]he Commissioner's burden at step five includes proving what the claimant's RFC is, as well as establishing that jobs are available for a person with that RFC." *Id.*

Technically, of course, the RFC is first established at step four, in order to determine whether the claimant can perform past relevant work, and so it might be argued that unlike in *Butts II*, the ALJ's failure to establish Kearney's RFC correctly prevents the burden from shifting to the Commissioner. While such an objection would make sense in a situation where there was some dispute about whether a claimant could in fact perform past relevant work,

8

it has no application here.  Although the ALJ's baffling failure to apply the treating physician rule nullified her assessment of precisely how low Kearney's RFC is, both parties agree that Kearney's RFC is too low to allow him to perform past relevant work.  Accordingly, there is no dispute that on this record the burden has shifted to the Commissioner to prove that Kearney is not disabled, and that if the Commissioner cannot carry that burden, a finding of disability is compelled.  For this reason, I do not see any meaningful distinction between this case and *Butts II*.

I have no difficulty concluding that the Commissioner, in failing to apply the treating physician rule, has failed to make a finding sufficient to carry his burden, and I am left with the question whether to grant the Commissioner an additional opportunity to make a finding sufficient to rebut the conclusion that Kearney is disabled.  I conclude that it would not be appropriate to do so.  ALJ Hoppenfeld, for reasons defying comprehension, chose to repeat the same error that caused me to remand the case to the Commissioner.  While a different ALJ might not repeat this behavior a third time, the Commissioner has had enough chances to make a finding, supported by substantial evidence and in accordance with the regulations, that would carry his burden.  Accordingly, I deem the record to be complete, and as the Commissioner has failed to carry his burden of proving Kearney not disabled, I remand for the calculation of benefits only.  In light of ALJ Hoppenfeld's disregard of my previous order, I also direct the Commissioner to assign the case to a different ALJ upon remand.

CONCLUSION

For the reasons stated above, Kearney's cross-motion is granted and the Commissioner's is denied.  The case is remanded to the Commissioner for the calculation of

benefits only. Additionally, the Commissioner is directed to assign the case to a different administrative law judge on remand.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 11, 2008
Brooklyn, New York